# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*,[1]<br>Debtors. | **Chapter 7**<br><br>Case No. 17-12143 (CSS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estates of DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>FRANK PAPA,<br><br>Defendant. | **Adv. No.** _____ |

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550
## AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the above captioned debtors (collectively, the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") against Frank Papa (the "Defendant") to avoid and recover preferential transfers and fraudulent transfers and to disallow any claims held by the Defendant. In support of this Complaint, the Trustee hereby alleges as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: DuraFiber Technologies (DFT), Inc. (4879); DuraFiber Technologies (DFT) Enterprises, LLC (7294); DuraFiber Technologies (DFT) Group, Inc. (6892); DuraFiber Technologies (DFT) Holdings II, LLC (4643); DuraFiber Technologies (DFT) Mexico Services Intermediate II Corp. (6157); DuraFiber Technologies (DFT) Operations, LLC (1514); DuraFiber Technologies (DFT) Scottsboro, Inc. (4659); DuraFiber Technologies (DFT) Winfield, Inc. (9148); Ina Fibers Holding, LLC (2889); DSE Holding Corp. (3031); DuraFiber Technologies (DFT) Mexico Services Intermediate I Corp. (5900); DFT DuraFiber Technologies Holdings, Inc. (5953).

## NATURE OF THE CASE

1. This action is commenced pursuant to 11 U.S.C. §§ 547, 548 and 550 to avoid and recover from the Defendant transfers made by the Debtors to the Defendant during the one-year period prior to the commencement of the Debtors' bankruptcy cases.

2. The Trustee also seeks, pursuant to 11 U.S.C. § 502(d), to disallow any claim that the Defendant has filed or asserted against the Debtors. The Trustee does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 157.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory predicates for the relief sought herein are sections 502, 547, 548 and 550 of title 11 of United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Rule 7008 of the Bankruptcy Rules, the Trustee states that he consents to the entry of final orders or judgment by this Court in this adversary proceeding.

## BACKGROUND AND THE PARTIES

8. On October 6, 2017 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

9. The Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

10. The section 341(a) meeting of creditors was held on November 3, 2017.

11. Prior to the Petition Date, the Debtors were companies engaged in the business of manufacturing and selling reinforced textile products. The Debtors operated three manufacturing facilities in the United States: (i) a two million square foot facility in Salisbury, North Carolina; (ii) a facility in Shelby, North Carolina and (iii) a facility in Winnsboro, South Carolina. The Debtors' headquarters were in Huntersville, North Carolina.

12. The Defendant, upon information and belief, has an address of 103 Avenue of the Estates, Cary, NC 27518-8608.

13. The Defendant was an officer of the Debtors and is an insider pursuant to 11 U.S.C. § 101(31).

14. Before the Petition Date, the Debtors made certain payments to Defendant that, upon information and belief, were not standard payroll obligations. These unordinary payments were made in the last few months leading up to the bankruptcy filing. These payments include but are not limited to the transactions between the parties identified on the Exhibit A attached hereto.

15. Upon information and belief, the Debtors used a centralized cash management system whereby all corporate disbursements were made from a single account.

16. The Defendant received a transfer or transfers aggregating $389,701.92 (the "Transfers") from the Debtors during the one-year period prior to the Petition Date (the "Preference Period"). The details of each of the Transfers are set forth on Exhibit A and are incorporated herein by reference.

17. From 2013 through the Petition Date, the Debtors' faced increasing liquidity concerns. During that time period, the Debtors' working capital went from $144 million to negative $5 million while sales from operations plunged from $560 million to $227 million. From 2015 through the Petition Date, the Debtors' accounts payable more than doubled and in 2016 the Debtors' total assets were valued on the Debtors' books and records at $133,114,000, while total liabilities were in excess of $173,847,000.

18. Therefore, based on a review of the Debtors' books and records, and the reconciliation of asset values, the Debtors' liabilities exceeded its assets at the time of the Transfers.

## COUNT ONE
**(Avoidance and Recovery of Prepetition Transfers Pursuant to 11 U.S.C. § 547(b))**

19. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

20. Within the Preference Period, the Debtors made or caused to be made the Transfers to the Defendant.

21. The Debtors had an interest in the Transfers.

22. The Defendant was a creditor of the Debtors at the time of the Transfers.

23. The Transfers were made to or for the benefit of the Defendant.

24. The Transfers were made for or on account of antecedent debt owed by the Debtors before the Transfers were made.

25. Each of the Transfers either reduced or fully satisfied a preexisting debt or debts owed by the Debtors to the Defendant.

26. The Debtors were insolvent on the date of each of the Transfers.

27. As a result of the Transfers, the Defendant received more than it would have received (a) through this chapter 7 case; (b) if the Transfers had not been made; and (c) if Defendant received payment on account of such debt to the extent provided by the provisions of the Bankruptcy Code.

## COUNT TWO
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

28. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

29. To the extent that one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for services which were never provided, or which the value of such services did not constitute reasonably equivalent value in exchange for such Transfers, and/or was a debt incurred by one of the Debtors but paid by a different Debtor, the Trustee pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for the Transfers; and

 (a) the Debtors were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; or

 (b) the Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors were an unreasonably small capital; or

 (c) the Debtors intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity; or

 (d) the Debtors made such Transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

30. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT THREE
### (Recovery of Transfers – 11 U.S.C § 550(a))

31. The Trustee repeats each and every allegation previously set forth in this complaint as if fully set forth herein.

32. Upon information and belief, the Defendant was the initial or subsequent transferee of the Transfers, and/or the party for whom the Transfers were intended.

33. As a result, the Defendant is obligated to return the Transfers to the Trustee pursuant to 11 U.S.C. § 550.

## COUNT FOUR
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

34. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

35. In the event that Defendant is adjudged to be liable for the Transfers, or any portion thereof, any claims held by the Defendant against the Debtors must be disallowed unless, and until, the Defendant pays the amount of its liability to the Debtors.

36. As a result, pursuant to § 502(d) of the Bankruptcy Code, any claims held by Defendant against the Debtors should be disallowed to the extent that Defendant is adjudged to be liable for any transfer of the Debtors' property.

## RESERVATION OF RIGHTS

37. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers of an interest of the Debtors in property made to Defendant that may be recoverable under 11 U.S.C. §§ 547 or 548, including any transfers of an interest of the

Debtors in property made to Defendant during the one-year preceding the Petition Date. It is the Trustee's intention to avoid and recover all such transfers made by the Debtors. The Trustee reserve the right to amend this original complaint to include: (i) further information regarding the Transfers; (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original complaint.

## CONCLUSION

WHEREFORE, for the forgoing reasons, the Trustee demands judgment against Defendant as follows:

   A.   Avoiding the Transfers pursuant to 11 U.S.C. § 547(b);

   B.   Avoiding the Transfers pursuant to 11 U.S.C. § 548(a);

   C.   Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

   D.   Disallowing any claims, pursuant to 11 U.S.C. § 502(d), held by the Defendant against the Debtors to the extent that Defendant is adjudged to be liable for any transfers of the Debtors' property as sought herein;

   E.   Awarding interest from the date of the Complaint;

   F.   Awarding attorneys' fees and costs; and

   G.   For such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated:  October 4, 2019 | By:   /s/ Alan M. Root    |

<div style="margin-left: 40%;">

Alan M. Root (No. 5427)  
ARCHER & GREINER, P.C.  
300 Delaware Ave., Suite 1100  
Wilmington, DE 19801  
Telephone:  (302) 777-4350  
Facsimile:  (302) 777-4352  
Email: aroot@archerlaw.com

- and -

Gerard DiConza  
Harrison H.D. Breakstone  
ARCHER & GREINER, P.C.  
630 Third Avenue  
New York, New York 10017  
Telephone:  (212) 682-4940  
Email: gdiconza@archerlaw.com  
          hbreakstone@archerlaw.com

*Attorneys for Chapter 7 Trustee*

</div>

217391806v1

8

**Exhibit A**
**Frank Papa Transfers**

| Payment # | Payment Date | Payment Amount |
|---|---|---|
| SOFA232017-960 | 02/03/2017 | 63,500.00 |
| SOFA8252017-676 | 08/25/2017 | 43,125.00 |
| SOFA9152017-656 | 09/15/2017 | 43,125.00 |
| SOFA9292017-643 | 09/29/2017 | 38,701.92 |
| SOFA9292017-644 | 09/29/2017 | 201,250.00 |
| **TOTAL** | | **$ 389,701.92** |