# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*, | Case No. 17-12143 (CSS) (Jointly Administered) |
| Debtors. | |
| DAVID W. CARICKHOFF, solely as Chapter 7 Trustee of the Estates of DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*, | |
| Plaintiff, | |
| v. | |
| ERWIN BETTE FRANK PAPA, | Adv. Proc. No. 19-50397 Adv. Proc. No. 19-50398 |
| Defendants. | |

**SETTLEMENT AGREEMENT**

This settlement agreement (the "Settlement Agreement") is entered into this 26th day of January 2021, by and among, David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estates of DuraFiber Technologies (DFT) Inc., *et al.* (collectively, the "Debtors"), Frank Papa ("Papa"), and Erwin Bette ("Bette", and together with Papa, the "Defendants"). The Trustee and Defendants are collectively referred to herein as the "Parties."

## RECITALS

A.      On October 6, 2017 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy cases (the "Bankruptcy Cases").

B.     On October 4, 2019, the Trustee filed complaints against (i) Mr. Papa (commencing Adversary Proceeding No. 19-50398 (CSS)) and (ii) Mr. Bette (commencing Adversary Proceeding No. 19-50397 (CSS)) (together, the "Adversary Proceedings"), seeking to avoid and recover transfers pursuant to Sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to Section 502(d) of the Bankruptcy Code.

C.     Pursuant to a Stipulation and Order approved by the Bankruptcy Court on September 23, 2020, the Trustee filed his first amended complaint against Mr. Papa, asserting additional claims against Mr. Papa for his alleged breach of fiduciary duties of care and loyalty owed to the Debtors and their creditors.

D.     Pursuant to a Tolling Stipulation by and between the Trustee and Mr. Bette dated as of September 15, 2020 (the "Bette Tolling Stipulation"), Mr. Bette and the Trustee agreed to toll the period for the Trustee to amend his initial Complaint against Mr. Bette to assert additional claims against Mr. Bette for his alleged breach of fiduciary duties of care and loyalty owed to the Debtors and their creditors.

E.     The pendency of the Adversary Proceedings invoked potential coverage (the "D&O Coverage") under the Directors, Officers and Private Company Liability Coverage Section in the PrivateEdge Plus Policy No. 023064905 (the "D&O Policy") issued by National Union Fire Insurance Company of Pittsburgh, Pa. (the "Insurer").

F.     By Agreed Order entered May 6, 2020, the Bankruptcy Court granted Defendants' Motion for an order modifying the automatic stay to permit payment of defense costs up to $450,000 under the D&O Policy.

G.     By Order dated June 26, 2020 (the "Mediation Order"), the Adversary Proceedings were assigned to mediation and Christopher A. Ward was appointed mediator (the "Mediator") to mediate all claims asserted in the Adversary Proceedings and tolled pursuant to the Bette Tolling Stipulation (collectively, the "Mediated Claims").

H.     In furtherance of the Mediation Order, the Parties attended a mediation session scheduled by the Mediator on December 15, 2020, which resulted in a resolution of the Mediated Claims in accordance with the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## AGREEMENT

1.     Incorporation of Recitals.  The foregoing recitals are incorporated herein by reference.

2.     Settlement Effective Date. The effective date of this Settlement Agreement and all of its terms shall be the date upon which the latest of the following events occur:  (a) the Bankruptcy Court enters a final non-appealable order approving this Settlement Agreement, (b)

the Trustee provides the Defendants and Insurer with a W-9, and (c) the Trustee provides the Debtors and Insurer with payment instructions (the "Settlement Effective Date").

3.     Settlement Payment.  Within thirty (30) days after the Settlement Effective Date, the Trustee, on behalf of the Debtors' estates, shall be paid the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00) (the "Settlement Payment").  The Settlement Payment shall be paid as follows: (a) the Insurer, on behalf of the Defendants, shall pay or cause to be paid to the Trustee, on behalf of the Debtors' estates, the sum of Two Hundred and Thirty Thousand Dollars ($230,000.00) and (b) the Defendants shall each pay to the Trustee, on behalf of the Debtors' estates, the sum of Ten Thousand ($10,000.00).  The Settlement Payment shall be paid by certified or bank check made payable to David W. Carickhoff, as Chapter 7 Trustee, or by wire transfer in accordance with instructions provided by the Trustee.

4.     Full and Final Settlement of Claims.  Payment of the Settlement Payment shall constitute a full and final settlement of any and all obligations of the Insurer and Defendants regarding the Mediated Claims and any other claims arising out of, based upon or attributable to the allegations, facts or circumstances at issue, or that could have been placed at issue, in the Adversary Proceedings, other than: (a) each Party's obligations pursuant to this Settlement Agreement, and (b) any obligations of the Insurer to pay Defendants' defense costs under the D&O Policy.

5.     Release of Insurer.  Upon the Settlement Effective Date and receipt of the Settlement Payment, the Trustee, on behalf of the Debtors' estates, and their successors, assigns and predecessors, hereby releases and forever discharges the Insurer from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, arising out of, related to, or in any way connected with the Mediated Claims; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee or the Debtors' estates to enforce the terms of the D&O Policy and this Settlement Agreement in accordance with its terms.

6.     Release of Defendants.  Upon the Settlement Effective Date and receipt of the Settlement Payment, the Trustee, on behalf of the Debtors' estates, and their successors, assigns and predecessors, hereby releases and forever discharges each of the Defendants from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, including, but not limited to, the Mediated Claims; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee or the Debtors' estates to enforce this Settlement Agreement in accordance with its terms.

7.     Release of Trustee and Debtors' Estates.  Upon the Settlement Effective Date, the Defendants and the Insurer, and their respective successors, assigns and predecessors, hereby release and forever discharge the Trustee and the Debtors' estates from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, including, but not limited to, any claim arising under Section 502(h) of the Bankruptcy Code for, or on account of, its Settlement Payment; provided that the foregoing release shall not limit nor be deemed to limit the rights of

the Defendants and the Insurer to enforce this Settlement Agreement in accordance with its terms or the rights of the Defendants and the Insurer to receive payment under any allowed claim (other than those under section 502(h) of the Bankruptcy Code) filed in the Bankruptcy Cases.

8.    <u>Dismissal of Adversary Proceedings</u>.  Upon the Settlement Effective Date and within ten (10) business days of the receipt of the Settlement Payment, the Trustee will seek to dismiss the Adversary Proceedings with prejudice.

9.    <u>Settlement Motion</u>.  After this Settlement Agreement is executed by the Parties, the Trustee will file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement and the obligations to make the Settlement Payment under paragraph 3 thereof. The Parties shall each use reasonable efforts to obtain such approval.  In the event that the Bankruptcy Court does not approve this Settlement Agreement, the Settlement Agreement shall be null and void and of no force and effect.

10.    <u>Entire Agreement</u>.  This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement and discussions.  This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

11.    <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter.  The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

12.    <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

13.    <u>Authority of Signatories</u>.  The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

14.    <u>Governing Law</u>.  This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

15.    <u>Non-Reliance and Construction</u>.    The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party.  The Parties agree that each of them has had a full opportunity

to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

17. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

[*SIGNATURE PAGE(S) TO FOLLOW*]

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

Dated: January *13* 2021

**DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE OF THE ESTATES OF DURAFIBER TECHNOLOGIES (DFT) INC.,** *ET AL.*

By: _____
Name: David W. Carickhoff
Title: Chapter 7 Trustee

Dated: January __, 2021

Dated: January __, 2021

_____

FRANK PAPA

_____

ERWIN BETTE

6

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

Dated:  January __, 2021

**DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE OF THE ESTATES OF DURAFIBER TECHNOLOGIES (DFT) INC., *ET AL.***

By: _____
Name: David W. Carickhoff
Title: Chapter 7 Trustee

Dated:  January __, 2021                    Dated:  January __, 2021

_____                    _____
FRANK PAPA                    ERWIN BETTE

6

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

Dated:  January __, 2021

**DAVID W. CARICKHOFF, CHAPTER 7
TRUSTEE OF THE ESTATES OF
DURAFIBER TECHNOLOGIES (DFT)
INC., *ET AL.***

By: _____
Name: David W. Carickhoff
Title: Chapter 7 Trustee

Dated:  January __, 2021                      Dated:  January __, 2021

_____          _____
FRANK PAPA                                   ERWIN BETTE

6