# IN THE UNITED STATES BANKRUPTCY COURT
# OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 17-12143 (CSS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely as Chapter 7 Trustee of the Estates of DURAFIBER TECHNOLOGIES (DFT) INC., *et al.*,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ERWIN BETTE<br>FRANK PAPA,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 19-50397 (CSS)<br>Adv. Pro. No. 19-50398 (CSS) |

**ORDER APPROVING SETTLEMENT OF MEDIATED**
**CLAIMS AGAINST ERWIN BETTE AND FRANK PAPA**
**PURSUANT TO FED. R. BANKR. P. 9019**

Upon consideration of the Chapter 7 Trustee's Motion, pursuant to Fed. R. Bankr. P. 9019 (the "Motion"),[2] for an Order Approving the Settlement Agreement (the "Settlement Agreement") by and among the Trustee, on behalf of the Debtors' estates, and Erwin Bette and

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: DuraFiber Technologies (DFT), Inc. (4879); DuraFiber Technologies (DFT) Enterprises, LLC (7294); DuraFiber Technologies (DFT) Group, Inc. (6892); DuraFiber Technologies (DFT) Holdings II, LLC (4643); DuraFiber Technologies (DFT) Mexico Services Intermediate II Corp. (6157); DuraFiber Technologies (DFT) Operations, LLC (1514); DuraFiber Technologies (DFT) Scottsboro, Inc. (4659); DuraFiber Technologies (DFT) Winfield, Inc. (9148); Ina Fibers Holding, LLC (2889); DSE Holding Corp. (3031); DuraFiber Technologies (DFT) Mexico Services Intermediate I Corp. (5900); DFT DuraFiber Technologies Holdings, Inc. (5953).

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

Frank Papa; and the Court having reviewed the Motion and the Settlement Agreement described in and attached to the Motion; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, (b) notice of the Motion, and any hearing thereon, was adequate under the circumstances, and (c) all persons with standing have been afforded the opportunity to be heard on the Motion, it is hereby

**ORDERED AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. The Settlement Agreement is hereby approved.

3. The Trustee is hereby authorized to take all actions necessary or desirable to effectuate the Settlement Agreement.

4. Defendants and National Union Fire Insurance Company, the insurer under the Debtors' Directors, Officers and Private Company Liability PrivateEdge Plus Policy No. 023064905, are authorized and directed to perform their respective obligations under the Settlement Agreement, including, but not limited to, making payment of the Settlement Payment as set forth in paragraph 3 of the Settlement Agreement.

5. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and (ii) resolve any disputes arising under or in connection with the Settlement Agreement and any related documents.  Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

220144275v2

Dated: February 22nd, 2021
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**